31004-JKV, keh                                                  Attorney No. 41535

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

TERRELL HILL and OLLIEWEAN CRISS, )
)
)
Plaintiffs, ) No.
)
vs. )
)    Amount: in excess of $50,000.00 plus the
)    costs of this suit.
KEVAN WOODS and FAST & BEST, LLC, )
an Indiana Limited Liability Company, )
)    Return Date:
Defendants. )

## COMPLAINT

NOW COME Plaintiffs, TERRELL HILL and OLLIEWEAN CRISS, by and through their attorneys, THE VRDOLYAK LAW GROUP, LLC, and complaining of Defendants, KEVAN WOODS and FAST & BEST, LLC, an Indiana Limited Liability Company, and states as follows:

### COUNT I – Terrell Hill v. Kevan Woods

1. That on or about April 29, 2015, Wentworth Avenue and Garfield Boulevard were public roadways in the State of Illinois.

2. That on or about April 29, 2015, Defendant, KEVAN WOODS, operated, controlled and drove a motor vehicle, traveling in a generally northbound direction, on Wentworth Avenue at or near the intersection of Garfield Boulevard in the City of Chicago, County of Cook, State of Illinois.

3. That at the aforesaid time and place, Plaintiff, TERRELL HILL, owned, operated, controlled and drove a motor vehicle, traveling in a generally eastbound direction, on Garfield Boulevard at or near the intersection of Wentworth Avenue in the City of Chicago, County of

1


EXHIBIT A

Cook, State of Illinois

4. That at the aforesaid time and place, Defendant, did then and there drive said motor vehicle into a violent collision with motor vehicle driven by Plaintiff, TERRELL HILL.

5. That at all relevant times herein, Plaintiff was in the exercise of all due care and caution for his own safety and the safety of others; that care being commensurate with his age, intellect and mental capacity and with the physical circumstances existent at such time and place.

6. That at the aforesaid time and place, Defendant, KEVAN WOODS, owed a duty to Plaintiff, TERRELL HILL, and to the public generally to exercise due and proper care and caution in the operation of said motor vehicle.

7. That at the aforesaid time and place, Defendant, KEVAN WOODS, breached the aforesaid duty to Plaintiff, TERRELL HILL, through one or more of the following negligent and careless acts and/or omissions:

    (a) owned, operated, controlled, and drove said motor vehicle into collision with Plaintiff;

    (b) failed to keep said motor vehicle under proper and sufficient control;

    (c) operated, controlled, and drove said motor vehicle so that as a direct and proximate result thereof, Plaintiff was injured;

    (d) operated, controlled, and drove said motor vehicle without keeping a proper and sufficient lookout;

    (e) failed to decrease speed so as to avoid colliding with Plaintiff, in violation of 625 ILCS 5/11-601;

    (f) failed to give an audible warning with horn when such warning was reasonably necessary to insure safety, in violation of 625 ILCS 5/12-601;

    (g) failed to yield the right-of-way to Plaintiff's vehicle in violation of 625 ILCS 5/11-904;

    (h) failed to obey a traffic control device.

8. As a direct and proximate result of one or more of the aforesaid negligent and careless acts and/or omissions of Defendant, KEVAN WOODS, Plaintiff, TERRELL HILL, suffered injuries

and damages of a personal, pecuniary and permanent nature

WHEREFORE, Plaintiff, TERRELL HILL, demands judgment against Defendant, KEVAN WOODS, for a sum in excess of FIFTY THOUSAND AND NO/100TH ($50,000.00) DOLLARS, plus costs of this suit.

## COUNT II – Olliewean Criss v. Kevan Woods

1. That on or about April 29, 2015, Wentworth Avenue and Garfield Boulevard were public roadways in the State of Illinois.

2. That on or about April 29, 2015, Defendant, KEVAN WOODS, operated, controlled and drove a motor vehicle, traveling in a generally northbound direction, on Wentworth Avenue at or near the intersection of Garfield Boulevard in the City of Chicago, County of Cook, State of Illinois.

3. That at the aforesaid time and place, Plaintiff, OLLIEWEAN CRISS, was a passenger in a motor vehicle, traveling in a generally eastbound direction, on Garfield Boulevard at or near the intersection of Wentworth Avenue in the City of Chicago, County of Cook, State of Illinois.

4. That at the aforesaid time and place, Defendant, did then and there drive said motor vehicle into a violent collision with the aforesaid motor in which Plaintiff, OLLIEWEAN CRISS, was a passenger.

5. That at all relevant times herein, Plaintiff was in the exercise of all due care and caution for her own safety and the safety of others; that care being commensurate with her age, intellect and mental capacity and with the physical circumstances existent at such time and place.

6. That at the aforesaid time and place, Defendant, KEVAN WOODS, owed a duty to Plaintiff, OLLIEWEAN CRISS, and to the public generally to exercise due and proper care and caution in the operation of said motor vehicle.

7. That at the aforesaid time and place, Defendant, KEVAN WOODS, breached the aforesaid duty to Plaintiff, OLLIEWEAN CRISS, through one or more of the following negligent and careless acts and/or omissions:

    (a) owned, operated, controlled, and drove said motor vehicle into collision with the vehicle in which Plaintiff was a passenger;

    (b) failed to keep said motor vehicle under proper and sufficient control;

    (c) operated, controlled, and drove said motor vehicle so that as a direct and proximate result thereof, Plaintiff was injured;

    (d) operated, controlled, and drove said motor vehicle without keeping a proper and sufficient lookout;

    (e) failed to decrease speed so as to avoid colliding with the vehicle in which Plaintiff was a passenger, in violation of 625 ILCS 5/11-601;

    (f) failed to give an audible warning with horn when such warning was reasonably necessary to insure safety, in violation of 625 ILCS 5/12-601;

    (g) failed to yield the right-of-way to the vehicle in which Plaintiff was a passenger, in violation of 625 ILCS 5/11-904;

    (h) failed to obey a traffic control device.

8. As a direct and proximate result of one or more of the aforesaid negligent and careless acts and/or omissions of Defendant, KEVAN WOODS, Plaintiff, OLLIEWEAN CRISS, suffered injuries and damages of a personal, pecuniary and permanent nature

WHEREFORE, Plaintiff, OLLIEWEAN CRISS, demands judgment against Defendant, KEVAN WOODS, for a sum in excess of FIFTY THOUSAND AND NO/100TH ($50,000.00) DOLLARS, plus costs of this suit.

## COUNT III – Terrell Hill v. Fast & Best, LLC

1. That on or about April 29, 2015, Wentworth Avenue and Garfield Boulevard were public roadways in the State of Illinois.

2. That on or about April 29, 2015, KEVAN WOODS, an authorized and/or ostensible agent of Defendant, FAST & BEST, LLC, operated, controlled and drove a motor vehicle, traveling in

4

7. That at the aforesaid time and place, Defendant, KEVAN WOODS, breached the aforesaid duty to Plaintiff, OLLIEWEAN CRISS, through one or more of the following negligent and careless acts and/or omissions:

- (a) owned, operated, controlled, and drove said motor vehicle into collision with the vehicle in which Plaintiff was a passenger;
- (b) failed to keep said motor vehicle under proper and sufficient control;
- (c) operated, controlled, and drove said motor vehicle so that as a direct and proximate result thereof, Plaintiff was injured;
- (d) operated, controlled, and drove said motor vehicle without keeping a proper and sufficient lookout;
- (e) failed to decrease speed so as to avoid colliding with the vehicle in which Plaintiff was a passenger, in violation of 625 ILCS 5/11-601;
- (f) failed to give an audible warning with horn when such warning was reasonably necessary to insure safety, in violation of 625 ILCS 5/12-601;
- (g) failed to yield the right-of-way to the vehicle in which Plaintiff was a passenger, in violation of 625 ILCS 5/11-904;
- (h) failed to obey a traffic control device.

8. As a direct and proximate result of one or more of the aforesaid negligent and careless acts and/or omissions of Defendant, KEVAN WOODS, Plaintiff, OLLIEWEAN CRISS, suffered injuries and damages of a personal, pecuniary and permanent nature

WHEREFORE, Plaintiff, OLLIEWEAN CRISS, demands judgment against Defendant, KEVAN WOODS, for a sum in excess of FIFTY THOUSAND AND NO/100TH ($50,000.00) DOLLARS, plus costs of this suit.

### COUNT III – Terrell Hill v. Fast & Best, LLC

1. That on or about April 29, 2015, Wentworth Avenue and Garfield Boulevard were public roadways in the State of Illinois.

2. That on or about April 29, 2015, KEVAN WOODS, an authorized and/or ostensible agent of Defendant, FAST & BEST, LLC, operated, controlled and drove a motor vehicle, traveling in

4

a generally northbound direction, on Wentworth Avenue at or near the intersection of Garfield Boulevard the City of Chicago, Cook County, Illinois.

3. That at the aforesaid time and place, and at all relevant times herein, Defendant FAST & BEST, LLC, owned and maintained said motor vehicle then and there operated, controlled and driven by said authorized and/or ostensible agent of Defendant, KEVAN WOODS.

4. That at the aforesaid time and place, and all relevant times herein, said ostensible agent of Defendant, KEVAN WOODS, operated, controlled, and drove said motor vehicle with the knowledge, consent and express and/or implied permission of Defendant, FAST & BEST, LLC.

5. That at the aforesaid time and place, and all relevant times herein, said authorized and/or ostensible agent of Defendant, KEVAN WOODS, operated, controlled and drove said motor vehicle within the permission of Defendant, FAST & BEST, LLC.

6. That at the aforesaid time and place, and all relevant times herein, Defendant, FAST & BEST, LLC, had a right of control over said authorized and/or ostensible agent, KEVAN WOODS, in operation of aforesaid motor vehicle.

7. That at aforesaid time and place, and all relevant times herein, said authorized agent of Defendant, KEVAN WOODS, was conducting himself in such a manner as to cause members of the general public, including Plaintiff, TERRELL HILL, to believe that he was an authorized agent of Defendant, FAST & BEST, LLC.

8. That at aforesaid time, and all relevant times herein, Plaintiff, TERRELL HILL, owned, operated, maintained, drove, and controlled a motor vehicle, traveling in a generally eastbound direction, on Garfield Boulevard at or near the intersection of Wentworth Avenue in the City of Chicago, Cook County, Illinois.

9. That at the aforesaid time and place, Defendant FAST & BEST, LLC, as owner and principal through its agent, KEVAN WOODS, did then and there drive said motor vehicle into a violent collision with Plaintiff's vehicle.

10. That at the aforesaid time and place, Defendant, FAST & BEST, LLC, as owner and principal through its agent, KEVAN WOODS, owed a duty to Plaintiff, TERRELL HILL, and to the public generally to exercise due proper and care and caution in the operation of said motor vehicle.

11. That at aforesaid time and place, Defendant, FAST & BEST, LLC, as owner and principal through its agent, said authorized and/or ostensible agent, KEVAN WOODS, breached the aforesaid duty to Plaintiff, TERRELL HILL, through one or more of the following acts and/or omissions:

   (a) owned, operated, controlled, and drove said motor vehicle into collision with Plaintiff's vehicle;
   (b) failed to keep said motor vehicle under proper and sufficient control;
   (c) operated, controlled, and drove said motor vehicle so that as a direct an proximate result thereof, Plaintiff was injured;
   (d) operated, controlled, and drove said motor vehicle without keeping a proper and sufficient lookout;
   (e) failed to decrease speed so as to avoid colliding Plaintiff's vehicle;
   (f) failed to give an audible warning with horn when such warning was reasonably necessary to insure safety, in violation of 625 ILCS 5/12-601;
   (g) failed to yield the right-of-way to Plaintiff's vehicle, in violation of 625 ILCS 5/11-904;
   (h) failed to obey a traffic control device.

12. As a direct and proximate result of one or more of the aforesaid negligent and careless acts and/or omissions of Defendant, FAST & BEST, LLC, Plaintiff, TERRELL HILL, suffered injuries and damages of a personal, pecuniary and permanent nature.

6

WHEREFORE, Plaintiff, TERRELL HILL, demands judgment against Defendant, FAST & BEST, LLC, for a sum in excess of FIFTY THOUSAND ($50,000.00) DOLLARS, plus the costs of this suit.

### COUNT IV – Ollicwean Criss v. Fast & Best, LLC

1. That on or about April 29, 2015, Wentworth Avenue and Garfield Boulevard were public roadways in the State of Illinois.

2. That on or about April 29, 2015, KEVAN WOODS, an authorized and/or ostensible agent of Defendant, FAST & BEST, LLC, operated, controlled and drove a motor vehicle, traveling in a generally northbound direction, on Wentworth Avenue at or near the intersection of Garfield Boulevard the City of Chicago, Cook County, Illinois.

3. That at the aforesaid time and place, and at all relevant times herein, Defendant FAST & BEST, LLC, owned and maintained said motor vehicle then and there operated, controlled and driven by said authorized and/or ostensible agent of Defendant, KEVAN WOODS.

4. That at the aforesaid time and place, and all relevant times herein, said ostensible agent of Defendant, KEVAN WOODS, operated, controlled, and drove said motor vehicle with the knowledge, consent and express and/or implied permission of Defendant, FAST & BEST, LLC.

5. That at the aforesaid time and place, and all relevant times herein, said authorized and/or ostensible agent of Defendant, KEVAN WOODS, operated, controlled and drove said motor vehicle within the permission of Defendant, FAST & BEST, LLC.

6. That at the aforesaid time and place, and all relevant times herein, Defendant, FAST & BEST, LLC, had a right of control over said authorized and/or ostensible agent, KEVAN WOODS, in operation of aforesaid motor vehicle.

7. That at aforesaid time and place, and all relevant times herein, said authorized agent of Defendant, KEVAN WOODS, was conducting himself in such a manner as to cause members of the general public, including Plaintiff, OLLIEWEAN CRISS, to believe that he was an authorized agent of Defendant, FAST & BEST, LLC.

8. That at aforesaid time, and all relevant times herein, Plaintiff, OLLIEWEAN CRISS, was a passenger in a motor vehicle, traveling in a generally eastbound direction, on Garfield Boulevard at or near the intersection of Wentworth Avenue in the City of Chicago, Cook County, Illinois.

9. That at the aforesaid time and place, Defendant FAST & BEST, LLC, as owner and principal through its agent, KEVAN WOODS, did then and there drive said motor vehicle into a violent collision with the vehicle in which Plaintiff was a passenger.

10. That at the aforesaid time and place, Defendant, FAST & BEST, LLC, as owner and principal through its agent, KEVAN WOODS, owed a duty to Plaintiff, OLLIEWEAN CRISS, and to the public generally to exercise due proper and care and caution in the operation of said motor vehicle.

11. That at aforesaid time and place, Defendant, FAST & BEST, LLC, as owner and principal through its agent, said authorized and/or ostensible agent, KEVAN WOODS, breached the aforesaid duty to Plaintiff, OLLIEWEAN CRISS, through one or more of the following acts and/or omissions:

    (a) owned, operated, controlled, and drove said motor vehicle into collision with the vehicle in which Plaintiff was a passenger;

    (b) failed to keep said motor vehicle under proper and sufficient control;

    (c) operated, controlled, and drove said motor vehicle so that as a direct and proximate result thereof, Plaintiff was injured;

    (d) operated, controlled, and drove said motor vehicle without keeping a proper and sufficient lookout;

(e) failed to decrease speed so as to avoid colliding with the vehicle in which Plaintiff was a passenger, in violation of 625 ILCS 5/11-601;

(f) failed to give an audible warning with horn when such warning was reasonably necessary to insure safety, in violation of 625 ILCS 5/12-601;

(g) failed to yield the right-of-way to the vehicle in which Plaintiff was a passenger, in violation of 625 ILCS 5/11-904;

(h) failed to obey a traffic control device.

12. As a direct and proximate result of one or more of the aforesaid negligent and careless acts and/or omissions of Defendant, FAST & BEST, LLC, Plaintiff, OLLIEWEAN CRISS, suffered injuries and damages of a personal, pecuniary and permanent nature.

WHEREFORE, Plaintiff, OLLIEWEAN CRISS, demands judgment against Defendant, FAST & BEST, LLC, for a sum in excess of FIFTY THOUSAND ($50,000.00) DOLLARS, plus the costs of this suit.

John K. Vrdolyak

THE VRDOLYAK LAW GROUP, LLC.
By: John K. Vrdolyak
Attorney for Plaintiff
741 N. Dearborn
Chicago, IL 60654
(312) 482-8200

9

Affidavit of Special Process Server

(8/07/09) CCG N060

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

_County_ (County) _____ (Municipal) DEPARTMENT, _Law_ (Division) _____ (District)

No. _17 L 00130_

## AFFIDAVIT OF SPECIAL PROCESS SERVER

_Iron Horse Security Corp_

duly sworn on oath deposes and says that s/he was appointed by the Court on _July 25_, _2017_ being first to serve process in the above mentioned cause.

☐ 1. That s/he served the within summons and a copy of the complaint on the within named Defendant, _____ by leaving a copy of each with the said Defendant personally on _____.

☒ 2. That s/he served the within summons and a copy of the complaint on the within named Defendant, _Kevin Woods_ by leaving a copy of each at his/her usual place of abode with _Forest_ a person of the family of the age of 13 years or upwards and informed that person of the content thereof on _8-16_, _2017_, and that further s/he mailed a copy of each in a sealed envelope with postage prepaid addressed to the Defendant, _Woods, Kevin_ at his/her usual place of abode on _8-16_, _2017_.

☒ 3. (a) That the sex, race and approximate age of the Defendant or other person with whom s/he left the summons are as follows: Sex _F_ Race _W_ Approximate Age _40-50_
(b) That the place where (if possible in terms of an exact street address) and the date and time of the day when the summons was left with the Defendant or other person were as follows:
Place _833 Gostlin Lane S.H._
Date _8-16_, _2017_ Time of day _6:30 PM_ . m.

☐ 4. That s/he was unable to serve the within named Defendant.

_____
Special Process Server Signature

Signed and sworn before me on this _____ day of _____, _____

Official Seal
Sheila F Raines
Notary Public, State of Illinois
Will County
My Commission Expires 04/30/2021

_____ Notary public

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

ORIGINAL COURT FILE

EXHIBIT B

2120 - Served
2220 - Not Served
2320 - Served By Mail
2420 - Served By Publication
Summons - Alias Summons

2121 - Served
2221 - Not Served
2321 - Served By Mail
2421 - Served By Publication

(01/25/17) CCG N001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

TERRELL HILL and OLLIEWEAN CRISS

(Name all parties)

v.

KEVAN WOODS, et al.

No. 17 L 001130

2ⁿᵈ

☐ SUMMONS ☑ ALIAS SUMMONS

To each Defendant: Kevan Woods, 933 Gostlin St., Apt. O, Hammond, IN 46327

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room 801, Chicago, Illinois 60602
☐ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077
☐ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008
☐ District 4 - Maywood
1500 Maybrook Dr.
Maywood, IL 60153
☐ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455
☐ District 6 - Markham 16501
S. Kedzie Pkwy. Markham,
IL 60428
☐ Child Support: 50 W.
Washington, LL-01,
Chicago, IL 60602

You must file within 30 days after service of this Summons, not counting the day of service.

IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

☑ Atty. No.: 41535
Name: VRDOLYAK LAW GROUP, LLC/JOHN K. VRDOLYAK
Atty. for: PLAINTIFF
Address: 741 N. DEARBORN ST.
City/State/Zip Code: CHICAGO, IL 60654
Telephone: 312-482-8200
Primary Email: jvrdolyak@vrdolyak.com
Secondary Email: vberrios@vrdolyak.com
Tertiary Email: _____

Witness: _____

_____
DOROTHY BROWN, Clerk of Court

Date of Service: _____
(To be inserted by officer on copy left with Defendant or other person)

**Service by Facsimile Transmission will be accepted at:

_____
(Area Code) (Facsimile Telephone Number)

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
Page 1 of 1

Affidavit of Special Process Server

(8/07/09) CCG N060

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

_County_ (County) _____ (Municipal) DEPARTMENT, _Law_ (Division) _____ (District)

No. _17 L 00170_

## AFFIDAVIT OF SPECIAL PROCESS SERVER

_Iron Horse Security Corp_ being first duly sworn on oath deposes and says that s/he was appointed by the Court on _July 25_, _2017_ to serve process in the above mentioned cause.

☐ 1. That s/he served the within summons and a copy of the complaint on the within named Defendant, _____ by leaving a copy of each with the said Defendant personally on _____.

☒ 2. That s/he served the within summons and a copy of the complaint on the within named Defendant, _Fast & Best, LLC_ _David_ by leaving a copy of each at his/her usual place of abode with _____ a person of the family of the age of 13 years or upwards and informed that person of the content thereof on _Aug 16_, _2017_, and that further s/he mailed a copy of each in a sealed envelope with postage prepaid addressed to the Defendant, _Fast & Best, LLC_ at his/her usual place of abode on _Aug 16_, _2017_.

☒ 3. (a) That the sex, race and approximate age of the Defendant or other person with whom s/he left the summons are as follows: Sex _M_ Race _W_ Approximate Age _35_
(b) That the place where (if possible in terms of an exact street address) and the date and time of the day when the summons was left with the Defendant or other person were as follows:
Place _6832 W. 86th Ct. Crown Point, IN 46307_
Date _August 16_, _2017_ Time of day _7:15_ _p_. m.

☐ 4. That s/he was unable to serve the within named Defendant.

_[signature]_
Special Process Server Signature

Signed and sworn before me on this _16th_ day of _August_, _2017_

Official Seal
Sheila F Raines
Notary Public, State of Illinois
Will County
My Commission Expires 04/30/2021

_Sheila F. Raines_ Notary public

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILL.

ORIGINAL COURT FILE

EXHIBIT C

2120 - Served
2220 - Not Served
2320 - Served By Mail
2420 - Served By Publication
Summons - Alias Summons

2121 - Served
2221 - Not Served
2321 - Served By Mail
2421 - Served By Publication

(01/25/17) CCG N001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

TERRELL HILL and OLLIEWEAN CRISS

(Name all parties)

v.

FAST & BEST, LLC, et al.

No. 17 L 001130

2ND

○ SUMMONS ⊙ ALIAS SUMMONS

To each Defendant: Fast & Best, LLC  R/A Marko Teovski
6832 W. 86th Ct., Crown Point, IN 46307

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room 801 _____, Chicago, Illinois 60602
☐ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077
☐ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008
☐ District 4 - Maywood
1500 Maybrook Dr.
Maywood, IL 60153
☐ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455
☐ District 6 - Markham 16501
S. Kedzie Pkwy. Markham,
IL 60428
☐ Child Support: 50 W.
Washington, LL-01,
Chicago, IL 60602

You must file within 30 days after service of this Summons, not counting the day of service.

IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

☑ Atty. No.: 41535
Name: VRDOLYAK LAW GROUP, LLC/JOHN K. VRDOLYAK
Atty. for: PLAINTIFF
Address: 741 N. DEARBORN ST.
City/State/Zip Code: CHICAGO, IL 60654
Telephone: 312-482-8200
Primary Email: jvrdolyak@vrdolyak.com
Secondary Email: vberrios@vrdolyak.com
Tertiary Email: _____

Witness: _____

DOROTHY BROWN, Clerk of Court

Date of Service: _____
(To be inserted by officer on copy left with Defendant or other person)

**Service by Facsimile Transmission will be accepted at:

_____
(Area Code) (Facsimile Telephone Number)

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
Page 1 of 1

(http://www.INBiz.IN.gov)



## Business Details

Print Entity Details

| | |
|---|---|
| Business Name: | **FAST & BEST L.L.C.** |
| Entity Type: | **Domestic Limited Liability Company** |
| Creation Date: | **10/03/2012** |
| Principal Office Address: | **6832 W 86TH CT, CROWN POINT, IN, 46307, USA** |
| Domicile State: | **Indiana** |

| | |
|---|---|
| Business ID: | **2012100300415** |
| Business Status: | **Active** |
| Inactive Date: | |
| Expiration Date: | **Perpetual** |
| Business Entity Report Due Date: | **10/31/2018** |
| Years Due: | |

## Principal Information

| Title | Name | Address |
|---|---|---|
| President | MARKO TEOVSKI | 6832 W 86TH CT, CROWN POINT, IN, 46307, USA |
| Manager | MARKO TEOVSKI | 6832 W. 86TH CT, Crown Point, IN, 46307, USA |

Page 1 of 1, records 1 to 2 of 2

## Registered Agent Information

Type: **Individual**

Name: **MARKO TEOVSKI**

Address: **6832 W 86TH CT, CROWN POINT, IN, 46307, USA**

Back     Filing History     Name History     Assumed Name History

Return to Search     Certified Copies Request

